UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOBBY LEE DICKERSON, JR.,

           Plaintiff,

   v.

COLONIAL PLACE APARTMENTS, *et al*.,

           Defendants.

Case No. C17-371-JCC-MAT

REPORT AND RECOMMENDATION

Plaintiff Bobby Lee Dickerson, Jr. is currently confined at the South Correctional Entity (SCORE) in Des Moines, Washington.  He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983, an application to proceed with this action *in forma pauperis*, and a number of random motions.  (*See* Dkts. 1, 1-1 and 1-2.)  Plaintiff's proposed complaint is very difficult to understand, though he appears to be challenging his ongoing criminal proceedings in King County District Court and/or his current confinement at SCORE.  (*See* Dkt. 1-1.)  Plaintiff seeks money damages in the amount of $700 trillion, release from custody, an injunction preventing future incarceration, restoration of his relationship with his significant other, and the lifting of all no-contact orders involving his significant other.  (*Id*. at 5.)

REPORT AND RECOMMENDATION - 1

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he or she has, on three or more prior occasions, brought civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. This Court's records reflect that plaintiff has filed at least three prior civil actions, *in forma pauperis*, which were dismissed for failure to state a claim upon which relief may be granted. *See Dickerson v. Satterburg*, C09-1279-RSM (dismissed Oct. 22, 2009); *Dickerson v. Bals*, C09-1419-JCC (dismissed Jan. 14, 2010); *Dickerson v. RJC King County Jail*, C09-1508-JCC (dismissed Jan. 14, 2010). Accordingly, plaintiff may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time he signed his pleading. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

While plaintiff inserted the phrase "imminent danger" in his complaint (*see* Dkt. 1-1 at 4), he fails to articulate specific facts demonstrating that any of the defendants identified in his complaint is subjecting him to imminent danger from a particular harm. Plaintiff is therefore ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

Based on the foregoing, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied. This Court further recommends that plaintiff be directed to pay the filing fee within ten days of the date on which this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so. Finally, this Court recommends that all motions submitted by plaintiff in conjunction with his complaint be stricken as moot. A

REPORT AND RECOMMENDATION - 2

proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the first Friday after they are filed. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 31, 2017**.

DATED this 16th day of March, 2017.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3